# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DAVELL COLVIN, a minor, by and through his mother and next friend, SHAVELL ARMFIELD,** | } } } } | |
| **Plaintiff,** | } } | |
| **v.** | } } | **Case No.:  2:06-CV-1005-RDP** |
| **GADSDEN STATE COMMUNITY COLLEGE, et al.,** | } } } } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

### I.      Introduction:

The court has before it several motions:  Defendants' Motion to Sever and for Partial Remand (Doc. #3) filed on May 24, 2006; Defendants' Motion to Dismiss (Doc. #4) filed on May 24, 2006; Plaintiff's Motion to Remand (Doc. #7) filed on June 13, 2006; and Defendant Gadsden State Community College's Motion to Remand (Doc. #10) filed on  June 14, 2006.  The court has thoroughly reviewed all the motions, which have been fully briefed by the parties.[1]  Because the court concludes that it lacks removal jurisdiction due to certain procedural defects in the removal process, this case is due to be remanded to the Circuit Court of Jefferson County.

### II.      Procedural History:

This case arises out of serious injuries suffered by Plaintiff during a water training class held on April 6, 2006, at a swimming pool located on the campus of Gadsden State Community College

---

[1]The court has also fully reviewed and evaluated Defendants' Supplemental Brief in Opposition to Motion to Remand ("Supplemental Brief") (Doc. #21) filed on June 30, 2006.

("Gadsden State").  (Doc. #1 at Compl. ¶¶ 1, 3).  Plaintiff, through his mother and custodial parent,

initiated this case in the Circuit Court of Jefferson County on or about April 13, 2006.  Plaintiff

named five (5) separate party defendants:  (i) Gadsden Job Corps; (ii) Carol Samples; (iii) Gary

Boggs; (iv) Adams and Associates, Inc.; and (v) Gadsden State.

On May 24, 2006, Defendants (i) Gadsden Job Corps, (ii) Carol Samples, (iii) Gary Boggs,

and (iv) Adams and Associates, Inc. filed a Notice of Removal with this court.  (Doc. #1).

Defendant Gadsden State did not join in filing the original Notice of Removal and has not filed a

separate document joining in the removal.  Instead, as referenced above, on June 14, 2006, Gadsden

State filed a motion to remand in which it pointed out to the court that it had never consented to the

removal by the other defendants and argued that its failure to join in the removal requires remand.

(Doc. #10 ¶ 8).

### III.    Analysis:

The burden of establishing subject matter jurisdiction for the purpose of a valid removal to

this court is on the removing party.  *Williams v. Best Buy*, 269 F.3d 1316, 1319 (11th Cir. 2001).  In

their Notice of Removal, the removing Defendants premise this removal upon federal question

jurisdiction pursuant to 28 U.S.C. § 1331.  Subsequently, on June 16, 2006, over sixty (60) days after

the filing date of Plaintiff's Complaint, the removing Defendants cited 28 U.S.C. § 1442 as an

additional basis for removal.  (Doc. #13; Doc. #14).  Plaintiff has launched procedural and

substantive attacks on the validity of both of these grounds relied upon by the removing Defendants.

A.       **Removal Premised Upon § 1331**

Procedurally, Plaintiff argues that the removing Defendants have failed to comply with 28

U.S.C. §1446(a) because they have not obtained Defendant Gadsden State's consent to the removal.

Section 1446 provides:

>    A defendant or defendants desiring to remove any civil action or criminal
> prosecution from a State court shall file in the district court of the United States for
> the district and division within which such action is pending a notice of removal
> signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing
> a short and plain statement of the grounds for removal, together with a copy of all
> process, pleadings, and orders served upon such defendant or defendants in such
> action.

28 U.S.C. § 1446(a).[2]  "This provision has been interpreted to require that all defendants join in the

removal petition." *Hernandez v. Seminole County, Fla*., 334 F.3d 1233, 1237 n.3 (11th Cir. 2003)

(citing *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001); *In*

*re Ocean Marine Mut. Prot. and Indem. Ass'n, Ltd.*, 3 F.3d 353, 355-56 (11th Cir. 1993)).

---

[2]Defendant Gadsden State speculates in its Motion to Remand that its omission from the
Notice of Removal by the other defendants may relate to issues of fraudulent joinder.  The other
defendants do not discuss fraudulent joinder in their removal papers which is not at all surprising as
they base removal upon federal question jurisdiction under 28 U.S.C. § 1331 as opposed to diversity
under 28 U.S.C. § 1332.  Fraudulent joinder is a doctrine developed under the umbrella of § 1332
federal court jurisdiction, not § 1331. *See, e.g.*, *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553,
1561 (11th Cir.1989) ("The removing party bears the burden of proving that the joinder of the
resident defendant was fraudulent.") (citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th
Cir.1983)); *Covington v. Indemnity Ins. Co. of North America*, 251 F.2d 930, 934 (5th Cir. 1958)
("The joinder of a resident defendant against whom no cause of action is stated will be regarded as
a fraudulent joinder for the purpose of defeating the jurisdiction of the federal court, and such
improper joinder will be ineffective to prevent the removal of a case otherwise removable upon the
ground of diversity of citizenship as authorized by the provisions of the federal statutes governing
the removal of causes.").  Even if such a concept has any arguable application in the context of a case
involving a potential state immunity defense and jurisdiction asserted under § 1331 (which this court
doubts), the removing Defendants have not requested that the court consider fraudulent joinder in
their removal of this case, and therefore, have not, *a fortiori*, met their heavy burden of showing
fraudulent joinder.

Therefore, an effective removal in the Eleventh Circuit requires that all defendants properly before the state court acquiesce in a written court document to the removal.[3]  *See Hernandez v. Seminole County Florida*, 334 F.3d 1233, 1237 (11th Cir. 2003) (holding that the "failure to join all defendants in the petition is a defect in the removal procedure") (internal quotation marks omitted); *Russell*, 264 F.3d at 1050 (noting that "federal courts have universally required unanimity of consent in removal cases involving multiple defendants").

Consent to removal by all the defendants is required, even if, as here, the removal is premised on federal question jurisdiction.  *See, e.g., GMFS, L.L.C. v. Bounds*, 275 F. Supp. 2d 1350, 1352 (S.D. Ala. 2003) (granting motion to remand case due to failure of all defendants to consent to removal based on federal question); *see also Novick v. Bankers Life Ins. Co. of New York*, 410 F. Supp. 2d 98, 100 (E.D.N.Y. 2006) ("Thus, an action must be remanded where there is a failure of all defendants to file express consent to the removal within the 30-day period.") (citation omitted).

In fact, "[i]n over a century of litigation that has occurred since the Supreme Court decided in *Chicago R.I. & P. Ry. Co. v. Martin*[, 178 U.S. 245 (1900),] that all defendants must join in or consent to the removal of a case from state to federal court, no court has seriously questioned the continuing validity or applicability of the rule." *Dubon v. HBSC Bank Nevada, N.A.*, 2005 U.S. Dist. LEXIS 37290,  No. 05-2799 SC, at * 5 (N.D. Cal. Sept. 15, 2005) (remanding case removed on federal question grounds for failing to properly file consent of all defendants and citing *Texaco, Inc. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) ("[T]here must be

---

[3]In the case of a removal premised solely upon diversity jurisdiction, a fraudulently joined party need not agree to the removal because the court, if it finds fraudulent joinder, treats such a defendant as being not properly before it.  In any event, fraudulent joinder is not a theory which the removing Defendants have raised. *See discussion,* n.2, *supra*.

some timely filed written indication from each served defendant . . . that it has actually consented

to such action.  Otherwise, there would be nothing on the record to 'bind' the allegedly consenting

defendant.") (other citations omitted)).  Therefore, the removing Defendants cannot rely upon § 1331

as a basis for removal due to a procedural flaw.[4]

### B.      Removal Premised Upon 28 U.S.C. § 1442

Alternatively, the removing Defendants rely upon 28 U.S.C. § 1442 as a vehicle for removal,

and maintain that unanimous consent of the defendants is not required under that statute.  28 U.S.C.

§ 1442(a) provides in pertinent part:

> (a) A civil action or criminal prosecution commenced in a State court against any of
> the following may be removed by them to the district court of the United States for
> the district and division embracing the place wherein it is pending:
>
> > (1) The United States or any agency thereof or any officer (or any
> > person acting under that officer) of the United States or of any agency
> > thereof, sued in an official or individual capacity for any act under
> > color of such office or on account of any right, title or authority
> > claimed under any Act of Congress for the apprehension or
> > punishment of criminals or the collection of the revenue.

*Id.*

As pointed out by the removing parties (Doc. #14 at 3), two non-binding cases from other

courts–*Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F.2d 1310 (9th Cir. 1981) and

*Plourde v. Ferguson*, 519 F. Supp. 14 (D. Md. 1980)–have found that unanimous consent is

unnecessary under § 1442.  Through its own independent research, the court has located a pre-

---

[4]Because the court concludes that the removal based upon § 1331 is procedurally flawed due
to the express disavowal of consent by Defendant Gadsden State, it does not reach any of the
substantive issues relating to whether a valid federal question is even presented under the Federal
Employees' Compensation Act ("FECA"), 5 U.S.C. §§ 8143, *et seq.*

*Bonner* Fifth Circuit decision,[5] which indicates that when federal agency removal jurisdiction is

invoked under § 1442, a lack of joinder in the removal by all defendants is excused: "It has been

held that removal by [a] single Federal officer ends the power of the state court to issue process

because the entire case is then removed as to all parties whether joined in the petition or not."

*Allman v. Hanley*, 302 F.2d 559, 562 (5th Cir. 1962) (citing *Bradford v. Harding*, 284 F.2d 307 (2d

Cir. 1960) (other citations omitted)).

Notwithstanding this former Fifth Circuit decision, and assuming Plaintiff and Gadsden State

would agree that its holding continues to be viable in the Eleventh Circuit,[6] Plaintiff and Gadsden

State nevertheless have presented another reason for remand.  In particular, they argue that the

---

[5]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[6]The court's own research has not revealed a contrary post-*Bonner* ruling by the Eleventh Circuit requiring unanimous consent under that statute.  As the Eleventh Circuit has stated, "[t]he only prerequisite to removal of a civil action under § 1442 is that it be brought against a federal officer or agency.  There is no indication in § 1442 that the federal court must have subject matter jurisdiction over the claim against the federal officer." *IMFC Professional Services of Florida, Inc. v. Latin*, 676 F.2d 152, 156 (11th Cir. 1982) (footnote omitted); *see Williams v. City of Atlanta*, 794 F.2d 624, 625 (11th Cir.1986) ("The <u>federal</u> defendants [pursuant to § 1442] removed the case filed in the state court (No. 85-8905).") (emphasis added); *see also State of Fla. v. Cohen*, 887 F.2d 1451, 1453-54 (11th Cir. 1989) ("Only two prerequisites must be met before an action may be removed under § 1442(a)(1): first, the case must be against any officer, agency, or agent of the United States for any act under color of such office; and second, the federal actor agency being challenged must raise a colorable defense arising out of its duty to enforce federal law.  When these two conditions are satisfied, the case may be removed to a federal court.  In other words, regardless of whether the federal court would have had jurisdiction over the matter had it originated in federal court, once the statutory prerequisites to § 1442(a)(1) are satisfied, § 1442 (a)(1) provides an independent jurisdictional basis.") (internal and other citations omitted).

removing Defendants are unable to use § 1442 as a ground for removal because their reference to

and reliance upon it are untimely under § 1446(b).  Section 1446(b) states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days
> after the receipt by the defendant, through service or otherwise, of a copy of the
> initial pleading setting forth the claim for relief upon which such action or proceeding
> is based, or within thirty days after the service of summons upon the defendant if
> such initial pleading has then been filed in court and is not required to be served on
> the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be
> filed within thirty days after receipt by the defendant, through service or otherwise,
> of a copy of an amended pleading, motion, order or other paper from which it may
> first be ascertained that the case is one which is or has become removable, except that
> a case may not be removed on the basis of jurisdiction conferred by section 1332 of
> this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). Relying upon this statute, Plaintiff and Gadsden State assert the failure of the

removing Defendants to include any reference to § 1442 in their initial removal papers (or to amend

their removal petition within the 30-day time period prescribed by § 1446(b)) bars the removing

Defendants from premising their removal upon that section.

In *Fuller v. Exxon Corp.*, 131 F. Supp. 2d 1323, 1327-28 (S.D. Ala. 2001), the court analyzed

§ 1446(b) and addressed the parameters of jurisdictional amendments as follows:

> A petition for removal of a civil action must be filed within thirty days after
> the defendant has received a copy of the initial pleading setting forth the claim for
> relief upon which the action is based. *See* 28 U.S.C. § 1446(b).  A defendant may
> freely amend the notice of removal within the thirty day period of 28 U.S.C. §
> 1446(b).  After the thirty day period has expired however, a party may only amend
> defective allegations of jurisdiction pursuant to 28 U.S.C. § 1653.  Section 1653 does
> not permit a removing party to assert additional grounds of jurisdiction not included
> in the original pleading.  *See American Educators Financial Corporation v. Bennett*,
> 928 F. Supp. 1113, 1115 (M.D. Ala.1996); *Stafford v. Mobil Oil Corp.*, 945 F.2d 803
> (5th Cir.1991); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 109 S. Ct.
> 2218, 104 L. Ed. 2d 893 (1989) (citation omitted); 14A CHARLES A. WRIGHT,
> ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE §
> 3733 at 358-61 (3d ed. 1998) ("[T]he notice may be amended only to set out more

specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice . . . .   Completely new grounds for removal may not be added and missing allegations may not be furnished, however."  (footnotes omitted)).

*Id.*; *see also American Educators Financial Corp. v. Bennett*, 928 F. Supp. 1113, 1115 (M.D. Ala. 1996) ("An imperfect or defective allegation is distinguished from a missing allegation, which may not be added by amendment after the 30-day period has expired.").

The removing parties  assert that their failure to cite to § 1442 in their removal petition is not fatal to their removal of this case.  They argue that:

> [i]t has been the Defendants['] argument since removal that they are instrumentalities of the United States.  While the Defendants admit that they did not specifically cite 28 U.S.C. § 1442 in their removal, the arguments that were made are identical to those being made now.  This lack of citation is clearly a "technical defect" that is the result of "unartful pleading."

Supplemental Brief at 3.  Although the court has fully considered the removing Defendants' argument, it cannot agree with it.  A review of Defendants' removal petition evidences that it was not based upon any argument that falls within the parameters of § 1442.  Rather, it is clear that Defendants' removal was originally based on federal question jurisdiction.  As Defendants stated in their removal petition:

> Defendants file this Notice of Removal with the Court pursuant to 28 U.S.C. §§ 1441 and 1446 and assert federal jurisdiction on the grounds that the Plaintiffs' claims are governed by federal law and therefore a federal question exists, pursuant to 5 U.S.C. § 8101 et seq.  This Notice of Removal is timely filed because it is submitted within thirty (30) days of the date the Defendants received a copy of, or otherwise received notice of, the summons and complaint in this action.  Accordingly, the prerequisites for removal pursuant to 28 U.S.C. § 1441 have been met.

(Doc. #1 ¶ 2).  Nothing in the petition even hints that Defendants initially removed this case based upon a contention in their original removal papers that they are sued in their capacities as federal officers or agencies.  For example, "[t]he removal petition [does not] aver[] that [any of the removing Defendants were] . . . acting under an officer or agency of the United States and was acting under

color of such office[.]" *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1428 (11th Cir. 1996).

Accordingly, the removing Defendants have not adequately explained why the reasoning in *Fuller*

(or that found in any of the other supportive authorities regarding timeliness cited by Plaintiff) is

either faulty or inapplicable to them.  Against this backdrop, the court agrees with Plaintiff and

Gadsden State that the removing Defendants' reliance upon § 1442 to support their removal is

untimely under § 1446(b).[7]  Consequently, because they cannot rely upon § 1442, for the reasons

already explained above in section III.A., the removing parties are unable to satisfy the unanimous

consent requirement, and this case is due to be remanded.

**IV.     Conclusion:**[8]

The removing Defendants have not met their burden of establishing either:  (i) a joinder in

removal by all the Defendants as required under § 1446(a) and § 1331; or (ii) timeliness under §

1446(b) and § 1442; therefore, their removal of this case is procedurally deficient.  Accordingly, this

case is due to be remanded to the Circuit Court of Jefferson County.  The court will enter an order

consistent with this Memorandum Opinion.

        **DONE** and **ORDERED** this ____7th____ day of July, 2006.

                          **R. DAVID PROCTOR**
                          UNITED STATES DISTRICT JUDGE

---

[7]Because the court concludes that the removal based upon § 1442 is procedurally flawed due to untimeliness, it does not reach any of the substantive issues relating to whether any of the removing Defendants fall under that section's purview as instrumentalities of the federal government.

[8]The court's conclusion that its lacks removal jurisdiction due to procedural flaws in the removal process renders moot the removing parties' Motion to Sever and for Partial Remand and Motion to Dismiss.